George R. Graves v. Commissioner.
Graves v. Commissioner
Docket Nos. 71698, 81837.
United States Tax Court
T.C. Memo 1961-32; 1961 Tax Ct. Memo LEXIS 315; 20 T.C.M. (CCH) 148; T.C.M. (RIA) 61032; February 9, 1961
George R. Graves, pro se. James J. Quinn, Esq., for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent determined the following deficiencies in income tax and additions to the tax for the years 1955 and 1956: Sec. 6653(a) [1]
Year
Amount
Addition to Tax
1955
$461.31
$23.07
1956
372.92
The issues remaining for our decision are: (1) The determination of the proper amount of labor, supplies, heat, light, automobile, and *316 telephone expenses deductible under section 162 for the years 1955 and 1956; (2) the determination of the proper medical expense deduction for the year 1955; (3) whether petitioner is liable for an addition to tax under section 6653(a) because a part of his underpayment of taxes was due to negligence or intentional disregard of the rules and regulations (but without intent to defraud). Findings of Fact Petitioner filed his 1955 and 1956 Federal income tax returns with the district director of internal revenue at Buffalo, New York. He lives in a small village called Nunda in Livingston County, New York. He there is engaged in the general practice of law and has been so engaged for about 60 years. His practice includes the preparation of Federal income tax returns for his clients, most of whom are farmers. Graves is a man of advanced years (age 82 at trial of this proceeding) and during the years at issue had several major physical impairments. It was therefore necessary for Graves to hire chauffeurs to drive him to various business appointments in other nearby communities. Such services cost him $250 in each of the years 1955 and 1956. These amounts were deducted as "Labor" on *317 Graves' 1955 and 1956 returns. Graves' law practice was conducted in his home, two rooms of the large house being used as his office. His gross receipts from practice were $7,982 in 1955 and $7,196 in 1956. The office had an entrance separate and apart from that which served the remainder of the home. Graves had no secretary in his office and performed the various clerical duties himself. He spent $130 per year for snow shoveling, lawn mowing and other services necessary to proper maintenance of the office and its entrance. These amounts were also deducted under the category of "Labor." For use in his law office, Graves purchased a Federal tax service at a cost of $90 per year and also kept daily newspapers and books in his office for his clients' pleasure. He also purchased postage stamps, stationery and supplies for use in his office. The total cost for these materials and supplies used in his law practice was $600 in 1955 and $700 in 1956. One-third of the cost of heat, light and telephone expended by Graves was attributable to the portion of his home used for his office. Such amounts were $280 and $300 in 1955 and 1956, respectively. In each of the years at issue Graves *318 spent $520 in operating his automobile for business purposes. In 1955 Graves deducted $1,120 for heat, light, telephone, and some of his car expenses. Respondent disallowed $862.73 of this amount. That portion of the car expense not here deducted was apparently deducted under "Labor." Respondent allowed no deductions for "Labor" in 1955. In 1956 Graves deducted $880 for heat, light and telephone, of which respondent disallowed $500.95. Respondent allowed the $300 which Graves claimed under the heading "car expense" but disallowed the remainder of the business automobile expenses deducted (as in 1955) under "Labor." Respondent again disallowed all "Labor" deductions in 1956. In 1955, Graves and his wife (who was several years older than he) required drugs costing $350 for the treatment of numerous ailments including his wife's heart and arthritis conditions. They also expended $150 for optical services rendered to both of them, and at least $270 for the services of another physician including treatments to petitioner's ear to alleviate his obvious hearing difficulties. Respondent disallowed $159.03 of the $770 thus claimed by Graves as medical expenses. Opinion Petitioner's *319 law practice was obviously of the "country style" and petitioner never bothered to keep records of his various transactions. We fully believe him in this regard and accept his testimony in lieu of records as sincere and honest albeit rather confused. Thus, despite his lack of supporting records we are convinced that he did make the various business expenditures which we have indicated and, exercising our own best judgment, we have made our findings as to the amounts so spent. (C.A. 2, 1930). As to the "Labor" category, while petitioner had no professional staff we understand this deduction to refer to the chauffeur services, lawn mowing and snow shoveling, and certain work upon his automobile. We have thus allowed amounts representing this portion of the "Labor" deduction under the various categories indicated. The identity of the remainder of the items deducted under "Labor" is far from clear. Suffice it to say, that there has been no showing that these other items were in pursuit of a trade or business within the meaning of section 162, and they are not allowed. We fully believe that petitioner incurred medical expenses in at *320 least the amount indicated for 1955. However, as to the amount allowable for drugs, section 213(b) requires that the amount spent shall be allowable only to the extent that it exceeds 1 percent of the taxpayer's adjusted gross income. Thus, the amount spent for drugs not in excess of such amount is disallowed. Effect can be given to such disallowance under the Rule 50 computation. Negligence Penalty Respondent asserts that petitioner's underpayment of tax for 1955 was due to negligence or intentional disregard of the rules and regulations (but without intent to defraud). He accordingly determined an addition to tax under section 6653(a). Petitioner introduced no evidence on this issue at the trial and since respondent's determination is presumptively correct we accordingly hold that the addition to tax is proper. . Decisions will be entered under Rule 50. Footnotes
1. All Code references are to the Internal Revenue Code of 1954.↩